J-S29011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES SIMON THOMPSON, | |
| Appellant | No. 1000 WDA 2015 |

Appeal from the Order Entered June 14, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001761-2009

BEFORE: BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 17, 2016**

Appellant, James Simon Thompson, appeals *pro se* from the post-conviction court's June 14, 2015 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the court's order and remand for further proceedings consistent with this memorandum decision.

Appellant's case involves a torturous procedural history, which we are constrained to set forth in order to fully explain the issues he is raising on appeal, and the basis for our decision to remand this case for further proceedings.

_____

[*] Former Justice specially assigned to the Superior Court.

On April 14, 2009, Appellant was arrested in an apartment located at 1020 Main Street in Republic, Pennsylvania, after officers searched that apartment and discovered two guns and 17 packets of crack cocaine. Prior to trial, Appellant filed a motion to suppress, alleging that the warrantless search of the apartment was illegal, and that inculpatory statements he made after the search should be suppressed because he had not received *Miranda*[1] warnings or knowingly, voluntarily, and/or intelligently waived his *Miranda* rights.

A suppression hearing was held on November 15, 2010. There, the Commonwealth's sole witness was Ryan Reese, a former detective with the Fayette County Drug Task Force. N.T. Suppression Hearing, 11/15/10, at 3. Reese testified that on April 14, 2009, he had obtained an arrest warrant for Appellant in an unrelated matter, and served the arrest warrant for Appellant at an apartment located at 1020 Main Street in Republic, Pennsylvania. *Id.* Reese testified that during the course of arresting Appellant, they discovered drug paraphernalia in plain sight on a table in the room, including "needles, spoons, a plate, [and] a mirror…." *Id.* at 6. Reese also discovered, in the pocket of a sweatshirt found in the room, "seventeen individually wrapped rocks of crack cocaine." *Id.* at 5.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Reese further testified that Appellant consented to a search of the entire apartment, and stated that he had not made any promises or threats to Appellant to garner that consent. *Id.* at 7, 8. The search led to the discovery of "a handgun under Appellant's pillow where he [had been] lying and[,] several feet from the hooded sweatshirt where the crack cocaine was found, there was another handgun found." *Id.* at 7. Reese elaborated that the second gun was found "in a drawer almost three feet from where the hoodie was hanging." *Id.* at 8. Reese testified that "[a]fter everything was found, [Appellant] admitted to [Reese] that the drugs were his and he admitted that in front of other officers." *Id.* at 10. On direct-examination, Reese claimed that Appellant's admissions occurred prior to *Miranda* warnings being given, but testified that he was not "asking [Appellant] any questions" when Appellant voluntarily confessed. *Id.*

However, on cross-examination, Reese was pressed further on the issue of whether he was questioning Appellant when he admitted the drugs were his. *Id.* at 21. At that point, Reese claimed that he had provided *Miranda* warnings to Appellant directly after discovering the crack cocaine in the sweatshirt, and that the warnings were given "prior to [Reese's] asking to look around." *Id.* Reese testified that Appellant was not asked to sign any *Miranda* rights waiver form, but gave "his verbal consent to waive those rights." *Id.* Reese maintained that he did not threaten Appellant in any manner, or promise him anything, prior to Appellant's inculpatory statements. *Id.*

On November 18, 2010, the trial court issued an order denying Appellant's motion to suppress. Trial was scheduled, but Appellant ultimately decided to enter a negotiated guilty plea. On May 16, 2011, Appellant pled guilty to possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, possession of drug paraphernalia, and two counts of persons not to possess a firearm. He was sentenced to an aggregate term of 4 to 8 years' incarceration. Appellant did not file a direct appeal.

On July 22, 2014, Appellant filed his first, *pro se* PCRA petition. Therein, he asserted, *inter alia*, that he had discovered new evidence, namely a letter from a woman named Dawn Millholland, dated July 11, 2014, which Appellant attached to his petition. In the letter, Ms. Millholland begins by stating, "You don't know me but I know you." ***See*** Exhibit Attached to PCRA Petition, 7/22/14, at 1. She then tells Appellant that the guns and drugs recovered from the apartment at 1020 Main Street in Republic, Pennsylvania, belonged to her ex-boyfriend, Robert Williams, who had hidden the drugs there when he was evicted from the apartment the day before Appellant was arrested. ***Id.*** More specifically, Ms. Millholland claimed that on April 13, 2009, "the day [Williams] got evicted from … the apartment at 1020 Main Street, [she] saw him pack small amounts of crack cocaine into 17 mini baggie[s] [and] place them in another bigger baggie and then hide them in a childs [*sic*] hoodie [and] hung [*sic*] it on a wooden coat rack." ***Id.*** at 3. Ms. Millholland alleged that Mr. Williams returned to

the apartment to retrieve the guns and drugs later in the evening of April 13th, but the locks on the apartment door had been changed. *Id.* at 4. Finally, Ms. Millholland said that she "felt compelled to come forward [and] to tell the truth" in order to "clear [her] conscious [*sic*]" and to help Appellant "clear [his] name." *Id.* at 5.

On July 29, 2014, the PCRA court appointed James Natale, Esq., to represent Appellant. Attorney Natale filed a petition to withdraw from representing Appellant on November 5, 2014. Therein, counsel stated that Appellant's petition was untimely under 42 Pa.C.S. § 9545(b)(1) (requiring a PCRA petition to be filed within one year of the date the judgment becomes final), and that Appellant's claim failed to meet any of the exceptions to the PCRA's one-year time bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[2] Attorney Natale explained:

_____

[2] That section states:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

[Ms. Millholland's] letter is irrelevant, because [Appellant] plead [*sic*] guilty [to] possessing the cocaine, handguns, and drug paraphernalia. In addition, even assuming that the letter is true, it does not prove that [Appellant] is innocent of these charges. Dawn Millholland writes that the cocaine and handguns were left behind when her ex-boyfriend, Robert Williams, was evicted from the apartment on April 13, 2009, the day before [Appellant] was arrested inside of the apartment on April 14, 2009. Based on Dawn Millholland's [letter], [Appellant] had an entire day in which to take possession of the cocaine and handguns. During this time, [Appellant] gained access to the apartment, and based on his own admissions,[3] he located the cocaine and handguns and took possession of them. Therefore, [Appellant's] claim is without merit.

Petition to Withdraw, 11/5/14, at 8-9 (unnumbered).

On November 21, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and also issued an order granting Attorney Natale's petition to withdraw. Appellant filed a *pro se* request for an extension of time to respond to the court's Rule 907 notice, which the PCRA court granted. On December 16, 2014, Appellant filed a

*(Footnote Continued)* ───────────────

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[3] Attorney Natale provided no citation to where in the record Appellant admitted to taking possession of the cocaine and handguns. We assume that counsel was considering Appellant's guilty plea as constituting such admissions.

- 6 -

"*Pro Se* Motion for Reconsideration," challenging Attorney Natale's effectiveness and claiming that Attorney Natale misrepresented the record when stating that Appellant had an entire day to take possession of the drugs and guns ostensibly left by Mr. Williams.  Appellant explained that he arrived at 1020 Main Street at some point between 2:00 and 4:00 a.m. on April 14, 2009, and asked the owner of the house in which the apartment was located for a ride home.  The building owner stated that he did not have enough gas to drive Appellant home, and told Appellant he could sleep in the basement apartment, *i.e.*, the apartment from which Mr. Williams had just been evicted, until the gas station opened.  According to Appellant, he fell asleep in that apartment and officers arrived shortly thereafter - around 6:00 a.m. - to arrest him.  Therefore, he contended that he did not take possession of the drugs and guns left in the apartment by Mr. Williams, and that Attorney Natale was ineffective for withdrawing on this basis.  Appellant also claimed that he did not know about Ms. Millholland's existence, or "what she knew about the cocaine and handguns[,]" until he received her letter, and that had he known about Ms. Millholland, he would not have pled guilty. "*Pro Se* Motion for Reconsideration," 12/16/14, at 8-9.

On February 11, 2015, the PCRA court issued a second Rule 907 notice of its intent to dismiss Appellant's petition, reasoning that Appellant had made no attempt to explain why he could not have discovered earlier, with the exercise of due diligence, Ms. Millholland's letter/statement.  **See** Pa.R.Crim.P. 907 Notice, 2/11/15, at 2.

Before the PCRA court issued an order dismissing Appellant's petition, however, he filed a *pro se*, amended PCRA petition on March 5, 2015. Therein, Appellant presented a new claim of after-discovered evidence based on corruption allegations against Ryan Reese, the officer who had arrested Appellant and testified at the pretrial suppression hearing in this case. Attached to his petition Appellant included three articles, the first stating that Reese had been placed on administrative leave from the police force, and the second stating that the city council had accepted Reese's resignation in light of an ongoing, criminal investigation regarding Reese. Neither of those articles provided details on the criminal allegations against Reese. In the third article, dated February 18, 2015, the newspaper quoted the Fayette County District Attorney (D.A.) as stating that "the Commonwealth does not intend to call Ryan Reese to testify" in any future cases, and was reviewing prior cases where Reese was substantially involved. ***See*** Appellant's Amended PCRA Petition, 3/5/15, Attached Article (Susy Kelly, *County DA Plans to Drop Charges Against Alleged Drug Dealer*, Herald-Standard, Feb. 18, 2015, at 1, A3). That article also reported that the D.A. was dropping charges against a man accused of drug possession because the only witness to the charged offense was Reese.[4]

_____

[4] A recent, online newspaper article details the up-to-date charges against Ryan Reese, revealing that he is now awaiting trial in three separate cases involving sexual assault offenses. ***See*** Ashlie Hardway & Sheldon Ingram, *Former Connellsville Cop Accused of Forcing Woman Into Sex After Arrest*
*(Footnote Continued Next Page)*

On March 20, 2015, the PCRA court issued a third Rule 907 notice, stating that Appellant's after-discovered evidence claim based on Reese was not filed within 60 days of the date that claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."). The court noted that the earliest of the news articles presented by Appellant was dated December 26, 2015, and Appellant's petition was not filed until March 5, 2015, 69 days after that article was published.

On April 2, 2015, Appellant filed a *pro se* response to the court's Rule 907 notice, stating that he did not discover Reese's corruption until February 23, 2015, when he received a letter from his sister containing the newspaper articles. Appellant also contended that even if he did know about the December 26, 2014 newspaper article, it was not until the article published on February 18, 2015, that Appellant became aware of the fact that Reese's

*(Footnote Continued)* ————————————

*Must Stand Trial*, Pittsburgh's Action News 4 (May 4, 2016, 6:17 PM), http://www.wtae.com/news/former-connellsville-cop-faces-new-sex-charges/38277230. In one case, Reese is alleged to have forced a woman, who he arrested in 2012, to engage in sex acts in exchange for reducing her charges or not filing charges at all. In another case, Reese is accused of accepting sexual favors from a minor in exchange for not filing drug charges against her. That young woman also alleged that Reese raped her and told her that "no one would believe her because she was a 'junkie whore.'" *Id.* In the third case, Reese is charged with threatening to jail a Fayette County woman, who was the subject of a drug investigation, if the woman did not perform sex acts with him.

credibility was so gravely diminished that the D.A. was no longer willing to call Reese to testify, and was dropping charges against a defendant where Reese was the only witness in the case. Appellant stressed that in his case, Reese was the only witness to testify at the suppression hearing regarding Appellant's purported confession to possessing the drugs and guns, and Appellant's alleged consent to search the apartment. Appellant denied making either of these statements, and averred that had he known Reese was corrupt, he would not have pled guilty but proceeded to trial to challenge Reese's credibility. Appellant argued that he had entered the guilty plea "falsely, and only because a corrupt lone arresting and charging officer falsified his affidavit of probable cause and falsely claimed [Appellant] confessed…." Response to Rule 907 Notice, 4/2/15, at 10.

Before the court ruled on Appellant's claim regarding Reese, he filed a third, *pro se* amended petition, challenging the legality of his sentence under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and decisions by this Court filed after ***Alleyne*** and ruling certain mandatory minimum sentencing statutes unconstitutional in light thereof. ***See Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014) (deeming unconstitutional 42 Pa.C.S. §§ 9721 and 9723); ***Commonwealth v. Cardwell***, 105 A.3d 748 (Pa. Super. 2014) (deeming unconstitutional 18 Pa.C.S. § 7508). On April 6, 2015, the PCRA court issued a fourth Rule 907 notice of its intent to dismiss, relating only to Appellant's illegality of sentencing claim.

- 10 -

Appellant filed a motion seeking a continuance to file a response to the court's April 6, 2015 Rule 907 notice. On April 23, 2015, the PCRA court granted that motion, giving Appellant until May 15, 2015 to file a response. On May 8, 2015, Appellant filed another request for an extension of time, attaching another newspaper article regarding Ryan Reese that was published on April 23, 2015, stating that Reese had now been indicted on criminal charges. The article also quoted the D.A. as stating that several cases involving Reese had already been dismissed, and that the D.A.'s office planned to dismiss, or *nol pros*, other cases where Reese was a key witness.

The PCRA court granted Appellant's second request for an extension of time to file a response, giving Appellant "until June 10, 2015 to amend his PCRA." Order, 5/13/15. The court also granted Appellant's subsequent request for a transcription of the record of his pretrial motion to suppress hearing at which Reese was the sole witness. However, Appellant did not file an amended petition by June 10, 2015, and on June 19, 2015, the PCRA court issued an order dismissing his petition. Therein, the court discussed its reasons for dismissing Appellant's claim of after-discovered evidence regarding Reese's corruption, first stating that "Reese's alleged criminal conduct" would only be used by Appellant as impeachment evidence, thus failing to meet the "after-discovered evidence test."[5] Order Dismissing

_____

[5] The PCRA court utilized the after-discovered evidence test reiterated by this Court in ***Commonwealth v. Foreman***, 55 A.3d 532 (Pa. Super. 2012):

*(Footnote Continued Next Page)*

- 11 -

Petition, 6/19/15, at 3. The court also stressed that "[e]ven if the after-discovered evidence against Reese was significant, [Appellant] has absolutely no argument under the fourth prong of the test because his sentence is the result of a guilty plea. There was no trial." *Id.* Finally, the court noted that "the criminal charges against Reese are still pending" and, "[t]hus, any perceived misconduct at this time is 'pure conjecture' and would not compel any different result in [Appellant's] case." *Id.* (citing *Foreman*, 55 A.3d at 538) (finding there would not be a different jury verdict where a police officer was found not guilty on all criminal charges subsequent to the PCRA proceedings).

Additionally, the PCRA court ruled that the information regarding Reese's corruption was "publicly available" as of December 26, 2014, the date of the earliest newspaper article discovered by Appellant's sister. *Id.* at 4. Because Appellant's petition was not filed until March 5, 2015, the court found that Appellant had failed to timely raise this claim within 60 days of when he could have first discovered it. *Id.*

_____
*(Footnote Continued)*

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Id.* at 537 (citation omitted).

- 12 -

The PCRA court also rejected Appellant's challenge to the legality of his sentence under **Alleyne**, **Valentine**, and **Cardwell**, concluding that Appellant "did not receive a mandatory minimum sentence. Rather, the [c]ourt sentenced [Appellant] based on aggravating factors as outlined in the Pennsylvania Sentencing Guidelines, which is still constitutional under **Valentine** and **Cardwell**." **Id.** at 5.

Finally, the PCRA court briefly commented on its basis for dismissing Appellant's after-discovered evidence claim regarding Ms. Millholland's letter, simply stating that it "still agrees with [Attorney] Natale regarding the letter's [lack of] relevance, … and [is] not swayed by any further argument from [Appellant] on this issue." **Id.** at 4.

On June 26, 2015, Appellant filed a timely, *pro se* notice of appeal. Herein, he raises five issues for our review:

1. Whether the PCRA court erred in adopting counsel's petition to withdraw?

2. Whether the court erred in not granting an evidentiary hearing to explore the factual underpinnings of []the Dawn Millholland Letter[]?

3. The court's February 10, 2015, "Notice of Intent to Dismiss" invited further litigation by suggesting [Appellant] made no attempt to explain why []the Dawn Millholland Letter[] could not have been obtained earlier by "the exercise of due diligence[.]"[]

Accordingly, did the court err in granting counsel's motion to withdraw prior to its raising the "due diligence" inquiry with Appellant (now proceeding *pro se*)?

4. [Appellant's] *pro se* second amended PCRA petition asserted newly discovered evidence, namely that the arresting officer, and only witness against [Appellant], *i.e.*[,] [] Ryan Reese, had

been completely discredited and disabled from testifying in any future criminal prosecutions involving drug task force matters.

Accordingly, did the court apply the wrong legal standard by invoking the 60-day rule stating that Appellant "did not bring this claim within 60 days as required by §9545([b])(2)[?"]

5. Following counsel's withdrawal, counsel sent a letter to Appellant informing him that he had an additional ground for relief based on the U.S. Supreme Court's *Alleyne* decision.

Appellant submitted a new filing with the court raising the specific claim for relief identified in counsel's letter of March 12, 2015.

Accordingly, did the PCRA court err by dismissing Appellant's ground for relief on the premise that the sentence was *not* based on "aggravating factors" as outlined in the Pennsylvania Sentencing Guidelines?

Appellant's Brief at 5-6 (unnecessary capitalization and emphasis omitted).

Before we evaluate these issues, we address Appellant's failure to file a Rule 1925(b) statement with the PCRA court, as on that basis the court did not file an opinion in this case. **See** Statement in Lieu of Opinion, 8/4/15. The certified record reveals that an order for Appellant to file a Rule 1925(b) statement was issued by the court on July 7, 2015. However, that order was not entered on the trial court's docket until July 13, 2015; thus, under Rule 1925(b)(2), Appellant had until August 3, 2015 to file a timely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(2) ("The judge shall allow the appellant at least 21 days **from the date of the order's entry on the docket** for the filing and service of the Statement.") (emphasis added).

Problematically, on July 23, 2015, the PCRA court issued another order stating that Appellant had until *that day* - July 23rd - to file a timely Rule

- 14 -

1925(b) statement.[6]  ***See*** Order, 7/23/15 (stating "This Court has already filed a 1925(b) Order, dated July [7], 2015, by which [Appellant] was given twenty-one (21) days, **or until today, July 23, 2015, to mail his concise statement of errors complained of on appeal**.) (emphasis added).  The court's July 23rd order demonstrates that the court incorrectly calculated the Rule 1925(b) deadline by utilizing the date on which it had *issued* the Rule 1925(b) order, *i.e.*, July 7, 2015, rather than the *docketing date* of that order, *i.e.*, July 13, 2015.  The court's error was further compounded by the fact that the July 23rd order was not served on Appellant until July 24, 2015; thus, by the time Appellant received the July 23rd order, he would have reasonably (but erroneously) concluded that the time for filing his Rule 1925(b) statement had lapsed.

Under these circumstances, we decline to find waiver of Appellant's issues.  The court's July 23, 2015 order directed that Appellant's Rule 1925(b) statement was due *that day*, which was only *nine* days after the court's Rule 1925(b) order was docketed on July 13, 2015.  Effectively, then, the court violated Rule 1925(b)'s clear mandate that the appellant be provided *at least 21 days* from the docketing of the Rule 1925(b) order to

_____

[6] That order was issued in response to Appellant's filing of a second notice of appeal, and was intended to clarify the status of Appellant's initial appeal filed on June 26, 2015.

file a timely statement. *See* Pa.R.A.P. 1925(b)(2). Therefore, we will not deem Appellant's issues waived.[7]

Proceeding to an assessment of Appellant's claims, we preliminarily note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We must first examine the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. Additionally, we reiterate any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

_____

[7] We also point out that the issues presented by Appellant on appeal were adequately addressed in the various Rule 907 notices filed by the PCRA court. Accordingly, the lack of a Rule 1925(a) opinion by the court does not hamper our meaningful review of Appellant's claims, or necessitate remand for the filing of a Rule 1925(b) statement and opinion.

Here, Appellant's judgment of sentence became final in 2011 and thus, his petition, filed on July 22, 2014, is facially untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). In this vein, Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on both Ms. Millholland's letter and the allegations of corruption and criminal charges lodged against Ryan Reese.

In **Bennett**, our Supreme Court stressed the difference between an after-discovered evidence claim under 42 Pa.C.S. § 9543(a)(2)(vi) and an after-discovered evidence claim under the timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii). **Bennett**, 930 A.2d at 1271. The Court clarified that "the exception set forth in (b)(1)(ii) does not require any merits analysis of the underlying claim[,]" but only "requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." **Id.** at 1271-72 (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005) (internal quotation marks omitted)).

Here, with regard to Appellant's after-discovered evidence claim premised on Ms. Millholland's letter, the PCRA court seemingly rejected the merits of that claim without first examining whether Appellant satisfied a timeliness exception. Notably, in its order dismissing Appellant's petition, the PCRA court stated that it "still agrees with [Attorney] Natale regarding

- 17 -

the letter's relevance, … and [is] not swayed by any further argument from [Appellant] on this issue." Order Dismissing Petition, 6/19/15, at 4. Aside from the fact that the court's merits analysis was not appropriate, the court's cursory rejection of this after-discovered evidence claim is flawed in another regard. In Attorney Natale's petition to withdraw, he explained that Ms. Millholland's letter was inconsequential because Appellant "plead [*sic*] guilty [to] possessing the cocaine, handguns, and drug paraphernalia[,]" and because Appellant "had an entire day in which to take possession of the cocaine and handguns." Petition to Withdraw, 11/5/14, at 8-9 (unnumbered). In the PCRA court's March 20, 2015 Rule 907 notice, it adopted Attorney Natale's rationale and rejected Appellant's claim regarding Ms. Millholland's letter. **See** Rule 907 Notice, 3/20/15, at 1 (stating "Attorney Natale … provided adequate reasoning for why [Ms. Millholland's] letter is irrelevant …, yet [Appellant] continues to allege it to no one's reassurance but his own. This court agrees with Attorney Natale's reasoning and will consider this issue no further.").

However, the PCRA court ignored, in its March 20, 2015 Rule 907 notice (and in its order dismissing the petition), the arguments and factual contentions raised by Appellant in his *amended* petition filed on December 16, 2014. In that amended petition, filed *after* Attorney Natale's petition to withdraw was granted, Appellant challenged Attorney Natale's conclusion that Appellant had an entire day to take possession of the drugs and guns ostensibly left by Mr. Williams. Appellant explained that he had only been in

the apartment for approximately 2 to 4 hours before officers arrived to arrest him. Additionally, Appellant claimed that Ms. Millholland's letter was not 'irrelevant' simply because he had pled guilty. Appellant maintained that, had he known of Ms. Millholland's existence and her knowledge of this case, he would not have entered that plea. **See** "*Pro Se* Motion for Reconsideration," 12/16/14, at 8-9. Despite accepting Appellant's amended petition, which presented these additional arguments and factual contentions, the PCRA court did not assess them in rejecting his after-discovered evidence claim premised on Ms. Millholland's letter. Thus, the court erred.

Additionally, we reiterate that the PCRA court erred by not first determining whether Appellant's after-discovered evidence claim satisfied section 9545(b)(1)(ii). We acknowledge that the PCRA court did state, in its February 11, 2015 Rule 907 notice, that Appellant failed to act with due diligence, which is a requirement of demonstrating the timeliness exception of section 9545(b)(1)(ii). On appeal, Appellant attacks the PCRA court's conclusion, pointing to the "factual contentions" presented in his December 19, 2014 response to the court's November 21, 2014 Rule 907 notice.[8] Appellant's Brief at 22.

_____

[8] We point out that this response to the court's Rule 907 notice was timely, as the PCRA court granted Appellant an extension of time, directing him to respond to its November 21, 2014 Rule 907 notice by January 30, 2015.

- 19 -

In that response, Appellant stated that he did not know about Ms. Millholland's existence, or "what she knew about the cocaine and handguns[,]" until he received her letter. *Pro Se* Motion for Reconsideration, 12/16/14, at 8-9. Ms. Millholland's letter also indicated that Appellant had no knowledge of her, as she began by stating, "You don't know me but I know you." *See* Ms. Millholland's Letter, 7/11/14, at 1 (attached to Appellant's PCRA Petition filed 7/22/14).

In the court's February 11, 2015 Rule 907 notice, the PCRA court did not specifically address these factual claims, or analyze whether they amounted to due diligence. Instead, the court cursorily stated that Appellant had made 'no attempt' to explain why he could not have discovered, with the exercise of due diligence, Ms. Millholland's letter/statement earlier. *See* Pa.R.Crim.P. 907 Notice, 2/11/15, at 2. Additionally, the PCRA court did not evaluate whether Appellant knew the information contained in Ms. Millholland's letter prior to receiving it and filing his PCRA petition. In these regards, the PCRA court's analysis of whether Appellant satisfied the timeliness exception of section 9545(b)(1)(ii) based on Ms. Millholland's letter is flawed and/or incomplete. Thus, remand is required.

Additionally, we conclude that remand is warranted for further examination of Appellant's after-discovered evidence claim pertaining to the corruption allegations and criminal charges pending against Ryan Reese. We need not delve into the merits of Appellant's attack on the PCRA court's

rejection of this after-discovered evidence claim, because it is apparent from the record that Appellant was denied his right to counsel in litigating this issue, which was raised in an amendment to his first petition for post-conviction relief.[9] **See** Pa.R.Crim.P. 904(C) (stating "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"); **see also Commonwealth v. Smith**, 572 Pa. 572, 818 A.2d 494, 500–01 (2003) (holding that "an indigent petitioner, whose first PCRA petition appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation apply"). At the point when Appellant first raised this claim, Attorney Natale had been permitted to withdraw and Appellant was representing himself. Thus, the PCRA court should have appointed new counsel to assess the

_____

[9] The PCRA court acknowledged the "disordered record in this matter," and the various, *pro se* filings of Appellant during the course of the PCRA proceedings below. **See** Order Dismissing Petition, 6/19/15, at 1 n.1. The court essentially considered all of Appellant's filings as amendments to his initial PCRA petition filed on July 22, 2014. **Id.** Notably, the court stated that "all issues addressed here are of the same PCRA[,]" and then assessed both Appellant's after-discovered evidence claim pertaining to Ms. Millholland's letter, as well as the after-discovered evidence claim regarding Ryan Reese's corruption and criminal charges. **Id.**

merits of the after-discovered evidence claim regarding Reese.[10] Accordingly, we must remand Appellant's case to remedy this error.

In sum, Appellant has presented two claims of after-discovered evidence that warrant further examination. The torturous record in this case, as evidenced by our lengthy discussion *supra*, reveals that Appellant filed numerous amendments to his PCRA petition and responses to the court's repeated Rule 907 notices. Because Appellant's claim of after-discovered evidence based on Reese's corruption and criminal charges necessitates the appointment of counsel, we direct the PCRA court to appoint Appellant counsel on remand. We further order the PCRA court to permit counsel to file an amended petition presenting, in *one* document, all of Appellant's arguments pertaining to *both* of his after-discovered evidence claims involving Ms. Millholland's letter and Reese's corruption/criminal charges. Finally, there is enough in the record before us to demonstrate genuine issues of material fact concerning both of these after-discovered

_____

[10] Appellant does not assert that he was denied his right to counsel in litigating this after-discovered evidence claim. However, this Court has expressly held "that where an indigent, first-time PCRA petitioner was denied his right to counsel - or failed to properly waive that right - this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

evidence claims; thus, the PCRA court shall conduct an evidentiary hearing regarding those two issues.[11]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016

---

[11] Appellant presents other claims involving Attorney Natale's ineffectiveness, and challenges the PCRA court's denial of his legality of sentencing claim premised on **Alleyne**, **Valentine**, and **Cardwell**. However, neither of these claims necessitates further review. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Additionally, claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Appellant offers no discussion of what exception his illegal sentence claim satisfies. In any event, he would not be able to satisfy the most obviously applicable exception, *i.e.*, section 9545(b)(1)(i), because this Court has already held that **Alleyne** does not satisfy that exception, **see Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014), and neither **Valentine** nor **Cardwell** announced new constitutional rules. Accordingly, the PCRA court properly denied these claims.